**ON PETITION FOR REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4276**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHEASER ANTONIO GRANT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior District Judge.  (8:06-cr-00515-HMH-1)

Submitted:  April 2, 2018                                     Decided:  April 13, 2018

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Beth Drake, Acting United States Attorney, A. Lance Crick, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2017, the district court revoked Cheaser Antonio Grant's supervised release and imposed a 48-month sentence of imprisonment. Grant appealed and challenged his sentence, contending that it was plainly unreasonable because the district court did not sufficiently explain its reasoning.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *Id.* (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Sentencing Guidelines' Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. *See* 18 U.S.C. § 3583(e) (2012); *Thompson*, 595 F.3d at 546-47.

Grant also contends that the district court sentenced him in excess of the mandatory statutory maximum.[*] The Government responds and requests that we remand the case for resentencing; Grant's counsel consents. Upon consideration of the

---

[*] Grant raised this issue, not in his appellate brief but in a petition for rehearing filed after our initial opinion issued. While we would not normally entertain a new claim raised on rehearing, we do so on this issue because it involves a sentence imposed beyond the statutory maximum. We grant the petition for rehearing and deny rehearing en banc.

contentions and materials submitted, we affirm the district court's judgment revoking supervised release, vacate Grant's sentence on revocation, grant the joint motion to remand, and remand to the district court for resentencing. In view of this decision, we need not address Grant's claim that the district court failed to sufficiently explain the sentence. The mandate in this case shall issue forthwith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*